| Case No. | CV-11-04586 MMM (SHx) | Date | June 6, 2011 |
|---|---|---|---|

| Title | *Rodriguez v. JLG Industries, Inc., et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**    **Order To Show Cause Why Action Should Not Be Remanded To Los Angeles Superior Court For Lack of Jurisdiction**

## I. BACKGROUND

On March 29, 2011, Robert Rodriguez filed this action in Los Angeles Superior Court against JLG Industries, Inc. and certain fictitious defendants.[1] Plaintiff alleges that, on April 1, 2009, he was using a JLG Industries, Inc. Model # 190ES lift when he suffered head and brain injuries.[2] The complaint pleads claims for products liability, lost wages, hospital and medical expenses, and loss of earning capacity as a result of these injuries.[3]

Defendant was served on April 27, 2011,[4] and removed the action on May 27, 2011, invoking

---

[1]Declaration of Frank E. Schimaneck in Support of Removal ("Schimaneck Decl."), Docket No. 4 (May 31, 2011), Exh. A ("Complaint") at 3.

[2]Complaint at 8.

[3]*Id*. at 7-8.

[4]*Id*. at 2.

the court's diversity jurisdiction under 28 U.S.C. §1332.[5]

## II. DISCUSSION

A.　　　　　**Legal Standard Governing Diversity Jurisdiction**

District courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). First, in any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). See also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996). For diversity purposes, a corporation may have dual citizenship. "[A] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Second, diversity jurisdiction exists only "where the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity grounds] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). The "amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

Where a plaintiff has not specified the amount of damages sought in his or her complaint, the removing defendant bears the burden of showing that the amount in controversy requirement is satisfied by a preponderance of the evidence. See *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 565, 567 (9th Cir. 1992). To meet this burden, defendant must submit "summary-judgment-type evidence" showing that the actual amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 377 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)). If defendant presents such proof, it becomes plaintiff's burden to show, as a matter of law, that it is certain he or she will not recover the jurisdictional amount. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Jurisdiction, and thus the amount in controversy, is determined at the instant of removal. See *In the Matter of Shell Oil Company*, 970 F.2d 355, 356 (7th Cir. 1992). In measuring the amount in controversy, a court must "assum[e] that the allegations of the complaint are true and assum[e that] a jury [will] return[ ] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997). See also *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"). Cf. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir.

---

[5]Defendant's Notice of Removal ("Removal"), Docket No. 1 (May 27, 2011), ¶ 8.

1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

**B.    Whether Defendant Has Demonstrated That the Court Has Diversity Jurisdiction**

The complaint alleges that plaintiff is a citizen of California.[6]  Defendant's attorney has submitted a declaration stating that defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania and its corporate headquarters in Maryland.[7]  Consequently, defendant has shown that there is complete diversity between the parties.

Defendant fails to show, however, that the amount in controversy requirement is satisfied.  The complaint alleges that the amount in controversy exceeds $25,000, but no amount of damages is specified.  Defendant contends that the matter in controversy exceeds $75,000 because "[p]laintiff has allegedly suffered wage loss, hospital and medical expenses, general damages and loss of earning capacity in excess of $75,000.00."[8]  Defendant, however, has adduced no evidence supporting this assertion.

Thus, at present, the court is in doubt as to whether it has jurisdiction to hear the matter.  The court therefore directs defendant to show cause, on or before **June 14, 2011**, why the court should not remand this action to Los Angeles Superior Court for lack of jurisdiction.

---

[6]Removal, ¶ 3; Complaint at 4.

[7]Schimaneck Decl., ¶ 4.

[8]*Id.*, ¶ 6.